SHARTSIS FRIESE LLP
JAMES P. MARTIN (Bar #170044)
GREGG S. FARANO (Bar #221505)
One Maritime Plaza, 18th Floor
San Francisco, California 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff
ARTIS CAPITAL MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTIS CAPITAL MANAGEMENT, LLC, a
California limited liability company,

           Plaintiff,

    v.

ARTISAN PARTNERS LIMITED
PARTNERSHIP, a Delaware limited partnership,

           Defendant.

No. C 06 1663

**COMPLAINT FOR DECLARATORY JUDGMENT**

**REQUEST FOR JURY TRIAL**

Plaintiff Artis Capital Management, LLC ("Artis" or "Plaintiff"), by its attorneys, for its Complaint against Defendant, alleges as follows:

## I.  THE PARTIES

1. Artis Capital Management, LLC is a California limited liability company with its principal place of business in San Francisco, California.

2. On information and belief, Defendant Artisan Partners Limited Partnership is a Delaware limited partnership with its principal place of business in Milwaukee, Wisconsin.

## II.  JURISDICTION AND VENUE

3. Plaintiff brings this action seeking a declaration of rights with respect to federal trademark laws. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and § 1338

1  (federal question), 15 U.S.C. § 1114(1) (federal trademarks); and 28 U.S.C. §§ 2201-02
2  (Declaratory Judgment Act).

3      4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The alleged acts of infringement have occurred in the Northern District of California, where Plaintiff's business is located and where most of its clients have met with Plaintiff prior to engaging Plaintiff to perform any services.

### III.  FACTUAL ALLEGATIONS

5.    Plaintiff is an investment advisory firm that manages private hedge funds that invest primarily in the technology sector. The securities of the hedge funds that Plaintiff manages are distributed only through private offerings. Plaintiff does not engage in any mass mailing, general solicitation or general advertising in connection with such private offerings.

6.    Plaintiff has continuously used the name "Artis Capital Management, LLC" in connection with its investment advisory and hedge fund services since at least as early as January 2002. Plaintiff has also used the term "Artis" as part of the name of the hedge funds it manages since as early as 2002.

7.    On information and belief, Defendant is an investment adviser that manages public mutual funds and separate accounts. On information and belief, Defendant does not manage private hedge funds.

8.    Through written correspondence from its counsel, Defendant has alleged that Plaintiff has infringed its federal service mark rights. Defendant's attorneys, Bell, Boyd & Lloyd, LLC, represented that Defendant is the owner of a service mark for ARTISAN, U.S. Reg. No. 2,003,659. In a letter from its attorneys dated February 21, 2006, Defendant alleged that Plaintiff has infringed the ARTISAN mark through its use of "Artis" and/or "Artis Capital Management, LLC." Defendant also demanded that Plaintiff contact Defendant within five (5) days from receipt of the letter to inform Defendant whether Plaintiff would agree to cease and desist from any further use of the name. Plaintiff has not infringed upon any of Defendant's rights, and Plaintiff intends to continue using its name and service mark as it has done for more than four (4) years. Because the Defendant has threatened legal action, Plaintiff seeks a declaration

that its use of "Artis" and "Artis Capital Management, LLC" is entirely lawful and does not infringe upon any of the Defendant's service mark rights.

### IV. CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of Service Mark)

9. Plaintiff repeats and realleges as if fully set forth, the allegations contained in Paragraphs 1 through 8. Defendant has accused Plaintiff of violating its service mark rights through use of the term "Artis" and the name "Artis Capital Management, LLC" in connection with Plaintiff's business.

10. Plaintiff categorically denies that its use of "Artis" or "Artis Capital Management, LLC" violates any federal or state rights Defendant might have in its ARTISAN service mark. Plaintiff specifically denies that its use of "Artis" or "Artis Capital Management, LLC" has caused or is likely to cause any confusion among consumers with Defendant's asserted ARTISAN service mark registration or any other mark allegedly owned by Defendant.

11. Defendant's asserted service mark is a weak mark in a crowded field, as many others use "ARTISAN," "ARTIS" or variations thereof as part of a service mark for investment, financial or related services.

12. On information and belief, no actual confusion has occurred during the substantial period of tine (more than four years) since both Plaintiff and Defendant have been using their names in connection with their respective services.

13. Plaintiff has not infringed upon any of the Defendant's marks within the meaning of 15 U.S.C. § 1114(1) or any other federal or state trademark laws. Plaintiff's use of "Artis" or "Artis Capital Management, LLC" in connection with its services is not likely to cause confusion, to cause mistake, or to deceive the public.

14. Defendant's assertion that Plaintiff is violating its legal rights irreparably injures Plaintiff and adversely affects, and unless prevented by this Court will continue to so affect, Plaintiff's business and the investment it has made in its name and in the attendant good will. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy which Defendant's assertion has precipitated, Plaintiff is entitled to a declaratory

judgment of its rights under 28 U.S.C. §§ 2201-02. The use by Plaintiff of "Artis" or "Artis Capital Management, LLC" in connection with its services does not violate any trademark laws.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a declaratory judgment that Plaintiff has not infringed any valid registered or common law service mark owned by Defendant.

2. For a declaratory judgment that Plaintiff has not violated any rights of Defendant under the trademark laws of the United States or the State of California.

3. For a declaratory judgment that Plaintiff's use of the name "Artis" or "Artis Capital Management, LLC" in connection with its business is not confusingly similar to or likely to cause consumer confusion with respect to Defendant's service mark ARTISAN as used in its business.

4. For an order enjoining and restraining Defendant, its officers, directors, agents, attorneys and those in privity with it or them, from further:

   (a) Interfering with, or threatening to interfere with, use of the "Artis" or "Artis Capital Management, LLC" name by Plaintiff, its funds, related entities, successors or assigns, in connection with its or their business; or

   (b) Charging Plaintiff with infringement of any registered or common law service mark owned by Defendant.

5. For an award of reasonable attorneys' fees and costs.

6. For such other or further relief as this Court may deem just and proper.

DATED: March 2, 2006

SHARTSIS FRIESE LLP

By _____
JAMES P. MARTIN

Attorneys for Plaintiff
ARTIS CAPITAL MANAGEMENT, LLC

Plaintiff hereby requests a jury trial for all issues triable by jury, including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED: March 2, 2006

SHARTSIS FRIESE LLP

By _____
JAMES P. MARTIN

Attorneys for Plaintiff
ARTIS CAPITAL MANAGEMENT, LLC

6100\002\JPM\1339932.1