John B. Sullivan, Esq. (SBN 96742)
Eric J. Gribbin, Esq. (SBN 205877)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
(415) 398-3344

Alan L. Barry, Esq. (*pro hac vice* application pending)
Christopher I. Cedillo, Esq. (*pro hac vice* application pending)
BELL, BOYD & LLOYD LLC
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
(312) 372-1121

Attorneys for Defendant
ARTISAN PARTNERS LIMITED PARTNERSHIP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARTIS CAPITAL MANAGEMENT, LLC., a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ARTISAN PARTNERS LIMITED PARTNERSHIP, a Delaware limited partnership;,<br><br>Defendants. | Case No. C06 1663 PVT<br><br>**DEFENDANT ARTISAN PARTNERS LIMITED PARTNERSHIP'S ANSWER TO COMPLAINT AND JURY DEMAND; AND COUNTERCLAIMS** |

Defendant Artisan Partners Limited Partnership ("Defendant"), by its attorneys, Bell, Boyd & Lloyd LLC, state as and for their Answer to Plaintiff Artis Capital Management, LLC's ("Plaintiff") Complaint and Jury Demand, as follows:

/ / /

/ / /

/ / /

## I. THE PARTIES

1. Artis Capital Management, LLC is a California limited liability company with its principal place of business in San Francisco, California.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. On information and belief, Defendant Artisan Partners Limited Partnership is a Delaware limited partnership with its principal place of business in Milwaukee, Wisconsin.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Plaintiff brings this action seeking a declaration of rights with respect to federal trademark laws. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and § 1138 (federal question), 15 U.S.C. § 1114(1) (federal trademarks); and 28 U.S.C. §§2201-02 (Declaratory Judgment Act).

**ANSWER:**

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The alleged acts of infringement have occurred in the Northern District of California, where Plaintiff's business is located and where most of its clients have met with Plaintiff prior to engaging Plaintiff to perform any services.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the allegation that most of Plaintiff's clients have met with Plaintiff in the Northern District of California prior to engaging Plaintiff to perform any services, and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 4 of the Complaint.

/ / /

## III. FACTUAL ALLEGATIONS

5. Plaintiff is an investment advisory firm that manages private hedge funds that invest primarily in the technology sector. The securities of the hedge funds that Plaintiff manages are distributed only through private offerings. Plaintiff does not engage in any mass mailing, general solicitation or general advertising in connection with such private offerings.

**ANSWER:**

Defendant admits that Plaintiff provides investment advisory services. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. Plaintiff has continuously used the name "Artis Capital Management, LLC" in connection with its investment advisory and hedge fund services since at least as early as January 2002. Plaintiff has also used the term "Artis" as part of the name of the hedge funds it manages since as early as 2002.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. On information and belief, Defendant is an investment adviser that manages public mutual funds and separate accounts. On information and belief, Defendant does not manage private hedge funds.

**ANSWER:**

Defendant admits that it provides investment advisory services. Defendant admits that it provides those services to public mutual fund and separate account clients, which include unregistered pooled investment vehicles. Defendant also admits that it has managed a private investment partnership that had the ability to use investment techniques, such as leverage, short sales and derivatives, traditionally used by entities considered to be hedge funds. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Through written correspondence from its counsel, Defendant has alleged that Plaintiff has infringed its federal service mark rights. Defendant's attorney, Bell, Boyd & Lloyd, LLC,

represented that Defendant is the owner of a service mark for ARTISAN, U.S. Reg. No. 2,003,659. In a letter from its attorney dated February 21, 2006, Defendant alleged that Plaintiff has infringed the ARTISAN mark through its use of "Artis" and/or "Artis Capital Management, LLC." Defendant also demanded that Plaintiff contact Defendant within five (5) days from receipt of the letter to inform Defendant whether Plaintiff would agree to cease and desist from any further use of the name. Plaintiff has not infringed upon any of Defendant's rights, and Plaintiff intends to continue using its name and service mark as it has done for more than four (4) years. Because the Defendant has threatened legal action, Plaintiff seeks a declaration that its use of "Artis" and "Artis Capital Management, LLC" is entirely lawful and does not infringe upon any of the Defendant's service mark rights.

**ANSWER:**

Defendant admits that it is the owner of service mark U.S. Reg. No. 2,003,659 for ARTISAN, for investment advisory services, securities brokerage services and mutual fund brokerage, distribution and investment services. Defendant admits that in a letter dated February 21, 2006, Defendant's attorney informed Plaintiff of Defendant's ownership of this mark, and asserted that Plaintiff's use of "Artis" and/or "Artis Capital Management LLC" in connection with Plaintiff's services infringes Defendant's rights in ARTISAN. Defendant admits that its attorney demanded that Plaintiff contact Defendant within five (5) days from receipt of the February 21, 2006 letter to inform Defendant whether Plaintiff would agree to cease and desist from any further use of the name. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

### IV.  CLAIM FOR RELIEF

9. Plaintiff repeats and realleges as if fully set forth, the allegations contained in Paragraphs 1 through 8. Defendant has accused Plaintiff of violating its service mark rights through use of the term "Artis" and the name "Artis Capital Management, LLC" in connection with Plaintiff's business.

/ / /

/ / /

**ANSWER:**

As and for its answer to Paragraph 9 of the Complaint, Defendant repeats and incorporates by reference its Answers to Paragraphs 1 – 8 as though fully contained herein. Defendant admits the remaining allegations contained in Paragraph 9 of the Complaint.

10. Plaintiff categorically denies that its use of "Artis" or "Artis Capital Management, LLC" violates any federal or state rights Defendant might have in its ARTISAN service mark. Plaintiff specifically denies that its use of "Artis" or "Artis Capital Management, LLC" has caused or is likely to cause any confusion among consumers with Defendant's asserted ARTISAN service mark registration or any other mark allegedly owned by Defendant.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant's asserted service mark is a weak mark in a crowded field, as many others use "ARTISAN", "ARTIS" or variations thereof as part of a service mark for investment, financial or related services.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. On information and belief, no actual confusion has occurred during the substantial period of time (more than four years) since both Plaintiff and Defendant have been using their names in connection with their respective services.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Plaintiff has not infringed upon any of the Defendant's marks within the meaning of 15 U.S.C. § 1114(1) or any other federal state trademark laws. Plaintiff's use of "Artis" or "Artis Capital Management, LLC" in connection with its services is not likely to cause confusion, to cause mistake, or to deceive the public.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant's assertion that Plaintiff is violating its legal rights irreparably injures Plaintiff and adversely affects, and unless prevented by this Court will continue to so affect, Plaintiff's business and the investment it has made in its name and in the attendant good will. To resolve the legal factual questions raised by Defendant and to afford relief from the uncertainty and controversy which Defendant's assertion has precipitated, Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C §§ 2201-02. The use by Plaintiff of "Artis" or "Artis Capital Management, LLC" in connection with its services does not violate any trademark laws.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## COUNTERCLAIMS

Defendant Artisan Partners Limited Partnership ("Artisan"), by its attorneys, states as its Counterclaims against Plaintiff Artis Capital Management, LLC ("Artis") as follows:

## STATEMENT OF THE CASE

1. Artisan is an independent, multi-product investment management firm. Artisan was founded in November 1994 and began managing assets in 1995. As of June 30, 2006, Artisan managed more than $47,200,000,00.00 ($47.2 billion) in assets.

2. Artisan offers its services under the mark ARTISAN, including U.S. Registration No. 2,003,659, for investment advisory services, securities brokerage services and mutual fund brokerage, distribution and investment services.

3. Artis offers investment advisory services, and does so under marks including ARTIS and ARTIS CAPITAL MANAGEMENT, and ARTIS CAPITAL MANAGEMENT, LLC.

4. In light of Artisan's federal registration and prior use of ARTISAN for investment advisory and related services, Artis' use of ARTIS and ARTIS CAPITAL MANAGEMENT, and ARTIS CAPITAL MANAGEMENT, LLC is likely to cause confusion as to the source of its services. Artisan, therefore, brings these counterclaims to stop the violations of its rights under the Lanham Act and the common law.

///

## JURISDICTION AND VENUE

5.  This is an action for (a) trademark infringement under 15 U.S.C. § 1114; (b) false designation of origin under 15 U.S.C. § 1125; (c) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (d) false or misleading statements in violation of Cal. Bus. & Prof. Code § 17500; (e) common law unfair competition; and (f) common law trademark infringement.

6.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Under 28 U.S.C. § 1367, this Court has jurisdiction over the common law claims because they are part of the same case or controversy as the federal claims.

7.  Plaintiff has consented to personal jurisdiction through the commencement of this action for declaratory judgment as set forth in the Complaint

8.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

## STATEMENT OF FACTS

### Artisan Partners Limited Partnership

9.  Artisan is a limited partnership organized and existing under the laws of Delaware. Artisan is based in Milwaukee, Wisconsin and has offices located in San Francisco, California and Atlanta, Georgia.

10. Artisan offers investment advisory services in nine different investment strategies to pension and profit sharing plans, trusts, endowments, foundations, charitable organizations, governmental entities, investment companies, private investment partnerships, other pooled investment vehicles, and high net worth individuals and also provides administrative services to certain investment company clients (collectively, the "Services"). As of June 30, 2006, Artisan managed assets of 141 separate accounts and served as investment adviser to each of the nine series of Artisan Funds, Inc., a registered open-end management investment company (mutual fund) ("Artisan Funds"). Shareholders of the series of Artisan Funds include high net worth individuals, pension and profit sharing plans, trusts, endowments, foundations, charitable organizations, governmental entities, investment companies, private investment partnerships and other pooled investment vehicles.

11. Since 1995, Artisan has offered its Services in commerce under the mark ARTISAN. Artisan is also the owner of U.S. Trademark Registration No. 2,003,659 for ARTISAN®, for investment advisory services, securities brokerage services and mutual fund brokerage, distribution and investment services. A true and correct copy of the Certificate of Registration for this registration is attached as DX 1.

12. Artisan's registration for ARTISAN® is now incontestable under 15 U.S.C. § 1065. As such, it is conclusive evidence of Artisan's exclusive right to use ARTISAN® in connection with its services and to preclude others from using confusingly similar marks in commerce.

13. Artisan has significant trademark rights in its ARTISAN® mark, and through its continuous and exclusive marketing, advertising and use, the ARTISAN® mark has become distinctive of Artisan's Services.

### Defendant Artis Capital Management, LLC

14. On information and belief, defendant Artis also offers investment advisory services. On information and belief, defendant Artis offers investment advisory services to pooled investment vehicles, including hedge funds, the shareholders of which may include high net worth individuals and pension and profit sharing plans, trusts and charitable organizations.

15. On information and belief, Artis has used the name "Artis Capital Management, LLC" in connection with its investment advisory services. Artis also uses the term "Artis" as part of the name of the pooled investment vehicles it manages.

16. Artis also owns U.S. trademark application Serial No. 78/387,768, for ARTIS CAPITAL MANAGEMENT, LLC, for "investment management, investment fund services."

17. Artisan has never authorized Artis to use ARTIS, ARTIS CAPITAL MANAGEMENT or ARTIS CAPITAL MANAGEMENT, LLC or any other designation confusingly similar to ARTISAN® in connection with Artis' services.

///

///

///

## CAUSES OF ACTION

### COUNT I

### Trademark Infringement – 15 U.S.C. § 1114

18. Artisan realleges and incorporates by reference the allegations in paragraphs 1 through 17.

19. Artis has used, and continues to use, in commerce and without Artisan's authorization or consent, a reproduction, copy or colorable imitation of the ARTISAN® mark.

20. Artis' acts are likely to cause confusion as to the source of the services Artis offers.

21. Artis' acts were and are with full knowledge of Artisan's rights in the ARTISAN® mark and therefore constitute willful infringement.

22. Artis' infringement of the ARTISAN® mark has caused, and is causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL MANAGEMENT, and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

### COUNT II

### False Designation of Origin – 15 U.S.C. § 1125(a)(1)

23. Artis realleges and incorporates by reference the allegations in paragraphs 1 through 22.

24. Artis deceptively used, and continues to use, ARTIS, ARTIS CAPITAL MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC in commerce, which is likely to cause confusion, to cause mistake and to deceive as to Artis' affiliation, connection or association with Artisan.

25. Artis' acts are calculated to deceive, or are likely to deceive, the public who recognizes and associates ARTISAN® with Artisan. Moreover, this conduct is likely to cause confusion, to cause mistake or to deceive the public as to the source of Artis' products and services, or as to a possible affiliation with or sponsorship by Artisan.

26. Artis' conduct has caused, and is causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL

MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

### COUNT III

### Violation of Cal. Bus. & Prof. Code § 17200 - Unfair Competition

27.     Artisan realleges and incorporates by reference the allegations in paragraphs 1 through 26.

28.     Artis' acts constitute unfair competition under Section 17200 of California Business and Professions Code.

29.     Artis' acts have caused, and are causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

### COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17500 – False or Misleading Statement of Origin

30.     Artisan realleges and incorporates by reference the allegations in paragraphs 1 through 29.

31.     Artis' acts constitute false or misleading statements under Section 17500 of California Business and Professions Code.

32.     Artis' acts have caused, and are causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

### COUNT V

### Common Law Unfair Competition

33.     Artisan realleges and incorporates by reference the allegations in paragraphs 1 through 32.

34.     Artis' acts constitute unfair competition under California common law.

35. Artis' infringement of the ARTISAN® mark has caused, and is causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

## COUNT VI

### Common Law Trademark Infringement

36. Artisan realleges and incorporates by reference the allegations in paragraphs 1 through 35.

37. Artis' acts constitute trademark infringement under California common law.

38. Artis' infringement of the ARTISAN® mark has caused, and is causing, irreparable harm to Artisan. Unless this Court enjoins Artis from continuing its unauthorized use of ARTIS, ARTIS CAPITAL MANAGEMENT and ARTIS CAPITAL MANAGEMENT, LLC and colorable imitations of the ARTISAN® mark, Artisan will continue to suffer irreparable harm.

## RELIEF REQUESTED

WHEREFORE, Artisan requests that this Court:

A. Order, adjudge and decree that Artis has infringed the ARTISAN® mark, including, U.S. Registration No. 2,002,659 in violation of 15 U.S.C. § 1114;

B. Order, adjudge and decree that Artis' actions constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(1);

C. Order adjudge and decree that Artis' actions constitute unfair competition in violation of Cal. Bus.& Prof. Code § 17200;

D. Order adjudge and decree that Artis' actions constitute false or misleading statements of origin in violation of Cal. Bus. & Prof. Code § 17500;

E. Order, adjudge and decree that Artis' actions constitute unfair competition under California common law;

F. Order, adjudge and decree that Artis' actions constitute trademark infringement under California common law;

G. Order, adjudge and decree that Artis' infringement of the ARTISAN® mark is willful, and that, under 15 U.S.C. §1117(a), this is an exceptional case entitling Artisan to its attorneys' fees and costs;

H. Grant a preliminary and permanent injunction prohibiting Artis, its officers, agents, servants, employees, attorneys, successors, assigns and all others in privity, or acting in concert therewith, from using any name or mark which includes "ARTIS," or any other name or mark which is likely to be confused with the ARTISAN® mark; and

I. Award such other and further relief as the Court may deem just.

Dated: July 12, 2006.

Respectfully submitted,

ARTISAN PARTNERS LIMITED PARTNERSHIP

/s/ _____

One of its Attorneys
John B. Sullivan, Esq.
Eric J. Gribbin, Esq.
SEVERSON & WERSON
Twenty-Sixth Floor
1 Embarcadero Center
San Francisco, California 94111
(415) 398-3344

Alan L. Barry, Esq. (*pro hac vice* application pending)
Christopher I. Cedillo, Esq. (*pro hac vice* application pending)
BELL, BOYD & LLOYD LLC
70 West Madison Street
Suite 3100
Chicago, Illinois 60602
(312) 372-1121

## CERTIFICATE OF SERVICE

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the foregoing **Defendant Artisan Partners Limited Partnership's Answer to Complaint and Jury Demand; and Counterclaims** to be served upon the following individual:

> James P. Martin, Esq.
> SHARTSIS FRIESE LLP
> One Maritime Plaza, 18th Floor
> San Francisco, California 94111-3598

by first class mail, this 12th day of July, 2006.

/s/ _____
One of the Attorneys for Defendant
Artisan Partners Limited Partnership

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

United States Patent and Trademark Office

Corrected

Reg. No. 2,003,659

Registered Sep. 24, 1996

OG Date June 13, 2006

## SERVICE MARK
## PRINCIPAL REGISTER

### ARTISAN

ARTISAN PARTNERS LIMITED PARTNERSHIP (DELAWARE LIMITED PARTNERSHIP)
875 EAST WISCONSIN AVENUE
SUITE 800
MILWAUKEE, WI 53202

FOR: INVESTMENT ADVISORY SERVICES, SECURITIES BROKERAGE SERVICES AND MUTUAL FUND BROKERAGE, DISTRIBUTION AND INVESTMENT SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-23-1995; IN COMMERCE 3-27-1995.

SER. NO. 74-631,418, FILED 2-8-1995.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 13, 2006.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**